IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS BETANCES,                    :
                                    :
            Plaintiff,              :
      v.                            :     3:20-CV-2239
                                    :     (JUDGE MARIANI)
AT&T, et al.,                       :
                                    :
            Defendants.             :

## MEMORDANDUM OPINION

### I. INTRODUCTION AND PRELIMINARY HISTORY

On September 3, 2020, Plaintiff Carlos Betances filed a Complaint (Doc. 1) against

Defendants AT&T Mobility Services LLC, Oliver Philpott, Adrian Kessel, Dallas Battle,

Gabby Norwood, and Trisha Torres.[1]  The Complaint alleges seven claims pursuant to 42

U.S.C. §§ 1981 and 1985, Title VII of the Civil Rights Act of 1964, the Pennsylvania Human

Relations Act, the Family Medical Leave Act, and the Americans with Disabilities Act.

Presently before the Court is Plaintiff's Motion to Deem Defendant, Dallas Battle Served by

Posting Nunc Pro Tunc.

Shortly after Plaintiff filed the instant action, Plaintiff served each Defendant via an

adult at the Wilkes-Barre, Pennsylvania branch of AT&T.  (Docs. 3-8).  Counsel for

Defendant AT&T entered their appearance for Defendants Torres, Norwood, and Kessel on

_____

[1] Plaintiff originally filed this action in the Eastern District of Pennsylvania and it was later
transferred to the Middle District of Pennsylvania.  (Doc. 16)

January 4, 2021, leaving Defendants Battle and Philpott as the remaining defendants to be properly served and represented by counsel.  (Docs. 20-21).

On March 12, 2021, Plaintiff requested the Court for entry of default against Defendants Battle and Philpott for failing to respond to Plaintiff's Complaint that was served at the AT&T location in Wilkes-Barre, Pennsylvania.  (Doc. 31 at 1).  On the same day, Plaintiff sent Defendant AT&T a formal interrogatory requesting the last known addresses of Defendants Battle and Philpott.  (Doc. 32 at 1-2; Doc. 40 at 3; Doc. 40-1 at 2).  Counsel for the properly served Defendants submitted a letter to the Court in which they explained that they believed service for Defendants Battle and Philpott was improper because they "do not work at [the Wilkes-Barre, Pennsylvania AT&T] location, nor do they work for AT&T at all." (Doc. 33 at 1).  Because "an issue existed as to the proper service of the Complaint on Defendants Oliver Philpott and Dallas Battle," the Court canceled a Case Management Conference scheduled for March 23, 2021, further delaying the progression of this action. (Doc. 34 at 1).

On April 12, 2021, Defendant AT&T responded to Plaintiff's interrogatory request for the last known addresses of Defendants Battle and Philpott and provided Plaintiff with the last known address of 311 Peggy Drive, Crestview, Florida 32536 for Defendant Battle. (Doc. 40 at 3).  After Defendant Philpott was properly served, counsel for Defendants AT&T, Torres, Norwood, and Kessel subsequently entered their appearance for Defendant Philpott.  (Docs. 36-37).

Months went by without any information from Plaintiff regarding service of Defendant Battle. On August 6, 2021, the Court issued an Order to Show Cause as to why Defendant Battle should not be dismissed from this action for Plaintiff's failure to properly serve Defendant Battle. (Doc. 39). In response, Plaintiff filed the instant Motion to Deem Defendant, Dallas Battle Served by Posting Nunc Pro Tunc on August 13, 2021. (Doc. 40).

In his Motion, Plaintiff contends that his private investigator attempted to serve Defendant Battle at the Florida address on eleven different occasions on different days of the week and times of day, but nobody answered the door. (Doc. 40 at 3; Doc. 40-2 at 1; Doc. 40-4 at 1; Doc. 40-5 at 1). Plaintiff suspects that further attempts to serve Defendant Battle at the Florida address will be "obstructed" and thus requests relief from the Court. (Doc. 40 at 3).

For the reasons that follow, the Court will deny Plaintiff's Motion to Deem Defendant, Dallas Battle Served by Posting Nunc Pro Tunc.

## II. ANALYSIS

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Marks Law Offices, LLC v. Mireskandari*, 704 Fed. Appx. 171, 177 (3d Cir. 2017) (permitting service by an alternative method where the court was satisfied that the

3

alternative method provided "notice reasonably calculated to apprise interested parties of

the pendency of the action and thus satisfied the requirements of the Due Process Clause")

(internal quotations and citations omitted).

Federal Rule of Civil Procedure 4(e)(1) permits an individual to be served by

"following state law for serving summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed R.

Civ. P. 4(e)(1). As this Court sits in Middle District of Pennsylvania, the Pennsylvania Rules

of Civil Procedure apply. Pennsylvania Rule of Civil Procedure 404 authorizes, in relevant

part, service of original process on an individual outside Pennsylvania "(1) by a competent

adult in the manner provided by Rule 402(a); (2) by mail in the manner provided by Rule

403; [or] (3) in the manner provided by the law of the jurisdiction in which the service is

made for service in an action in any of its courts of general jurisdiction[.]" Pa. R. Civ. P.

404(1)-(3).

"If service cannot be made" under Rule 404, "the plaintiff may move the court for a

special order directing the method of service." Pa. R. Civ. P. 430(a). "Service by special

order is an extraordinary measure that is appropriate only after all other methods of service

available under the rules have been exhausted." *Countrywide Home Loans, Inc. v. Stringer*,

2008 WL 3853239, at *2 (M.D.P.A. Aug. 15, 2008). In order for a court to permit service by

an alternate method in accordance with Rule 430, the requesting party must submit an

"affidavit stating his good faith efforts to locate the defendants and effect service." *Marks*

4

*Law Offices, LLC*, 704 Fed. Appx. at 177; Pa. R. Civ. P. 430(a) ("The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.").

Exhibits C and F to Plaintiff's Motion are affidavits provided by Plaintiff's private investigator.  (Doc. 40-3; Doc. 40-6).  Exhibit C is dated May 17, 2021 and is an affidavit of service via "personally affixing 1 true and correct copy" of the relevant documents "in a conspicuous place on the property."  (Doc. 40-3 at 1).  Exhibit F is an affidavit of non-service that details seven of the private investigator's attempts to serve Defendant Battle at the Florida address between July 13, 2021 and July 26, 2021 because nobody answered the door.  (Doc. 40-6 at 1).  Notably, Plaintiff has not provided an affidavit of non-service for the four additional times Plaintiff's private investigator attempted to serve Defendant Battle at the Florida address between April 12, 2021 and April 21, 2021, as described in Exhibit B. (Doc. 40-2 at 1; *see also* Doc. 40 at 3).  Because Plaintiff has failed to submit an affidavit that includes the four attempts to serve Defendant Battle during April 2021, these four instances of non-service cannot be used to support Plaintiff's Motion and thus cannot be considered by the Court.  *See* Pa. R. Civ. P. 430(a); *Black v. Dublin EMS, LLC*, 2017 WL 1150661, at *6 (M.D.P.A. March 28, 2017) ("As courts in Pennsylvania have noted, '[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, rules concerning service of process must be strictly followed.'") (quoting

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917-18 (Pa. 1997)).  Accordingly, only the efforts described in the affidavits attached to Plaintiff's Motion can be considered for purposes of deciding the Motion.

Plaintiffs seeking to effectuate service by an alternative method pursuant to Rule 430 must satisfy the following three-part test:

(1) [A] plaintiff must show a good faith effort to locate the defendant; (2) once the defendant is located, a plaintiff must show that she made practical efforts to serve defendant through traditional means under the circumstances; and (3) if plaintiff satisfies steps one and two, she must show that the alternative form of service is reasonably calculated to provide the defendant with notice of the proceedings against him.

*Black*, 2017 WL 1150661 at *3.[2]

Plaintiff believes further attempts to serve Defendant Battle will be "obstructed" and has filed the instant motion "requesting the Court deem Defendant, Dallas Battle served by posting *nunc pro tunc*." (Doc. 40 at 3).  Thus far, Plaintiff has hired a private investigator to serve Defendant Battle and, as described by the affidavits, the private investigator has unsuccessfully attempted to serve Defendant Battle seven times and has posted a copy of

---

[2] "Courts in our district appear to apply a slight variation of the practical efforts element, requiring, at minimum 'an unsuccessful attempt to *properly* serve the defendant[.]'" *Black*, 2017 WL 1150661 at *3 (quoting *Countrywide Home Loans, Inc.*, 2008 WL at 3853239, at *2 n. 5). "Because these formulations are analytically indistinguishable, application of either yields the same outcome." *Countrywide Home Loans, Inc.*, 2008 WL at 3853239, at *2 n. 5

6

all relevant documents at the Florida address.  (Doc. 40-3 at 1, Doc. 40-6 at 1).  Counsel for

the properly served Defendants argue that the Court should deny Plaintiff's Motion because

"Plaintiff has failed to show that he made a good faith effort to locate Defendant Battle" and

Plaintiff "has not (and cannot) show that posting a copy of the Summons and Complaint at

the Florida address provided for Defendant Battle is reasonably calculated to provide

Defendant Battle with notice of the claims against him."  (Doc. 41-1 at 4).

    First, the Court will address whether Plaintiff has made a good faith effort to locate

Defendant Battle.  As explained in the note to Pa. R. Civ. P. 430(a), a good faith effort to

locate a defendant includes, but is not limited to, "(1) inquiries of postal authorities including

inquires pursuant to [FOIA], (2) inquiries of relatives, neighbors, friends, and employers of

the defendant, (3) examinations of local telephone directories, courthouse records, voter

registration records, local tax records, and motor vehicle records, and (4) a reasonable

internet search."  Pa. R. Civ. P. 430(a).  The plaintiff is not required to pursue every method

of locating the defendant that is listed in the note to Rule 430.  *Deer Park Lumber, Inc. v.

Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).  Hiring a private investigator can also

support a finding that a plaintiff has made good faith efforts to locate the defendant.  *Black*,

2017 WL 1150661 at *3 (citation omitted).

    Here, the only step Plaintiff has taken to locate Defendant Battles is "propound[] an

interrogatory on Defendant AT&T requesting Battle's last known address and contact

information."  (Doc. 40 at 3; Doc. 40-1 at 2).  Defendant AT&T provided Plaintiff with the

Florida address, and Plaintiff has unsuccessfully tried to serve Defendant at this address numerous times at different days of the week and times of day. (Doc. 40-2 at 1; Doc. 40-4 at 1; Doc. 40-5 at 1; Doc. 40-6 at 1).[3]  There is no indication that Plaintiff has tried to corroborate the Florida address or obtain a different address for Defendant Battle through public records databases, such as courthouse records or voter registration records.  There is also no indication that Plaintiff has contacted Defendant Battle's neighbors, friends, or family regarding his whereabouts.  While Plaintiff hired a private investigator, it appears the investigator's sole purpose has been to serve Defendant Battle at the Florida address offered by Defendant AT&T in response to Plaintiff's interrogatory and the investigator was not used to locate Defendant Battle.

Because Plaintiff has only utilized one manner of locating Defendant Battle, other options still remain by which Plaintiff can locate him.  Some reasonable methods include, but are not limited to, looking through voter registration and motor vehicle records for his address, conducting internet searches, and asking people who live next to or near the Florida address provided to Plaintiff about Defendant Battle's location or whereabouts.

---

[3] Plaintiff's private investigator unsuccessfully tried to serve Defendant Battle at the Florida address on (1) July 13, 2021 at 4:01 p.m.; (2) July 15, 2021 at 10:32 a.m.; (3) July 17, 2021 at 1:45 p.m.; (4) July 19, 2021 at 6:03 p.m.; (5) July 21, 2021 at 6:25 p.m.; (6) July 22, 2021 at 8:52 a.m.; and (7) July 26, 2021 at 5:27 p.m.  (Doc. 40-6 at 1).  Although not included in the affidavits submitted by Plaintiff and not considered by the Court for the determination of the instant motion, Plaintiff's private investigator unsuccessfully tried to serve Defendant Battle an additional four times: (1) April 12, 2021 at 11:50 a.m.; (2) April 14, 2021 at 12:51 p.m.; (3) April 20, 2021 at 4:12 p.m.; and (4) April 21, 2021 at 7:36 p.m.  (Doc. 40-2 at 1).

Furthermore, even if Plaintiff had made a good faith effort to locate Defendant Battle, which he has not, Plaintiff is unable to satisfy the second element – that he has made practical efforts to serve Defendant Battle through traditional means under the circumstances – of the three-part test. *Black*, 2017 WL 1150661 at \*3. According to Plaintiff's Motion and accompanying exhibits, Plaintiff did not attempt to serve Defendant Battle by mail or by a method established by Florida law. *See Miller v. Native Link Constr., L.L.C.*, 2016 WL 247008, at \*3 (W.D.P.A. Jan. 21, 2016) (denying the plaintiff's motion for alternate service under Pa. R. Civ. P. 430 where "plaintiff did not attempt to serve defendant personally, directly by mail, or through a method prescribed by Washington state law."). Indeed, the only method of service attempted by Plaintiff is personal service at the Florida address. While Plaintiff has made a good faith effort to personally serve Defendant Battle by knocking on the door of the residence at the address provided in response to Plaintiff's interrogatory on different days of the week and different times of day, there are other methods of service that Plaintiff has not yet tried. Considering the fact that Plaintiff has only attempted to serve Defendant Battle via personal service at the same address, the Court is unable to conclude that "service cannot be made" upon Defendant Battle if Plaintiff were to use a different method of service.

Before the Court permits Plaintiff to use the "last resort" of service of process pursuant to Pa. R. Civ. P. 430, a more comprehensive search to locate Defendant Battle and to attempt to serve him using different methods of service are warranted under the

circumstances present in this case. *See Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D.P.A. July 8, 2004) ("Because it appears on this record that Plaintiff has left several stones unturned, the Court will deny the Petition[.]").  Therefore, the Court will deny Plaintiff's Motion to Deem Defendant, Dallas Battle Served by Posting Nunc Pro Tunc.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Deem Defendant, Dallas Battle Served by Posting Nunc Pro Tunc (Doc. 40) will be denied.[4]  A separate Order follows.

_____
Robert D. Mariani
United States District Judge

---

[4] In so ruling, the Court does not reach the issue of the propriety of service by posting at the Florida residence where Plaintiff failed to effect personal service.  This determination must await a satisfactory showing of sufficient additional efforts to locate and serve Defendant Battle as explained herein.